UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

David Jamaal Brown,

      Plaintiff,              Case Number: 24-cv-10208
                                   Honorable George Caram Steeh

   v.

Kim Cargor, et al.,

      Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S**
**REQUEST TO REOPEN CASE (ECF NO. 9) AND**
**DENYING REQUEST FOR ADMISSIONS AS MOOT (ECF NO. 7)**

This matter is before the Court on Plaintiff David Jamaal Brown's letter motion to reopen this case. Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. He did not pay the filing fee or, alternatively, apply in the manner required by law to proceed without prepayment of the filing fee. On February 2, 2024, the Court ordered Plaintiff to submit the filing fee or to file the necessary papers to proceed in forma pauperis within 30 days (Deficiency Order). (ECF No. 4.) The Court cautioned that failure to correct the deficiency within 30 days would result in dismissal of the case without prejudice. On March 20, 2024, the Court dismissed the case without prejudice because the Plaintiff failed to correct the deficiency. (ECF No. 5.)

Plaintiff asks the Court to reopen this case on the ground that he did not receive a copy of the Deficiency Order. He does not specify the date he became aware of the Deficiency Order.

The Sixth Circuit has stated:

> A prisoner may seek leave to extend the thirty-day time period to correct any filing deficiency regarding pauper status. The district court may, in its discretion, grant such an extension for up to thirty days, as long as the inmate files the extension motion within thirty days after the district court files the order of deficiency. To be viable, an extension motion must be filed within thirty days of the deficiency order, unless the prisoner makes an affirmative showing that he or she did not receive the deficiency order within the thirty days. If such a showing is made in a notarized statement or a declaration complying with 28 U.S.C. § 1746 and setting forth the date the inmate received the deficiency order, the district court may, in its discretion, grant an additional thirty days from the date of the filing of the extension order to allow the prisoner to correct the deficiency. The extension motion is deemed filed when the inmate gives the document to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988). When the inmate places the motion in the prison mail system, the inmate must provide with the extension motion a notarized statement or declaration complying with 28 U.S.C. § 1746, setting forth the date of deposit, and stating that first class postage was prepaid. This declaration assures the court that the documents were timely given to prison officials.

McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Here, although Plaintiff claims that he did not timely receive a copy of the Deficiency Order, his statement is not notarized or in a declaration compliant with 28 U.S.C. § 1746.

Accordingly, Plaintiff's letter-motion to reopen this case (ECF No. 9) is DENIED. Plaintiff's Request for Admissions (ECF No. 7) is DENIED AS MOOT.

Nothing in this Order precludes Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

IT IS SO ORDERED.

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: February 4, 2025

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 4, 2025, by electronic and/or ordinary mail and also on David Jamaal Brown #41380-510, USP Hazelton, U.S. Penitentiary, P.O. Box 2000, Bruceton Mills, WV  26525

s/LaShawn Saulsberry
Deputy Clerk